# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

MAMIE COPELAND,      )
     )
       **Plaintiff,**      )
     )
v.      )      **Case No. CIV-04-195-SPS**
     )
MICHAEL J. ASTRUE,      )
Commissioner of the Social      )
Security Administration,      )
     )
       **Defendant.**      )

## OPINION AND ORDER AWARDING ATTORNEYS' FEES PURSUANT TO 42 U.S.C. § 406(b)

On September 30, 2005, the Court reversed the decision of the Commissioner of Social Security Administration denying benefits to the Plaintiff Mamie D. Copeland and remanded the case to the Administrative Law Judge (the "ALJ") for further proceedings. On remand, the Commissioner found the Plaintiff disabled and awarded her benefits, including $45,066.00 in past-due disability benefits. The Plaintiff's appellate counsel thereupon sought an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) in the amount of $9,987.90. The Court finds that said amount is in accordance with the Plaintiff's fee agreement and reasonable for the work done in this case by the Plaintiff's appellate counsel. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) ("[W]e conclude, § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable

results in particular cases."). The Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) and Fed. R. Civ. P. 60(b)(6) with Supporting Memorandum [Docket No. 19] is therefore GRANTED, and the Commissioner is hereby ORDERED to pay $9,987.90 to the Plaintiff's appellate counsel pursuant to 42 U.S.C. § 406(b).

This leaves $1,278.60 withheld by the Commissioner from the Plaintiff's past due disability benefits. The Plaintiff's appellate counsel suggests that this amount, plus the $4,012.40 in attorneys' fees previously awarded pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), leaves a total of $5,300.00 to pay the Plaintiff's administrative counsel pursuant to 42 U.S.C. § 406(a). This is wrong for at least two reasons. First, the total amount of attorneys' fees that may be collected for representation of the Plaintiff, whether in this Court or before the Commissioner below, may not exceed $11,266.50, or 25% of the Plaintiff's past-due benefits. *See Gisbrecht,* 535 U.S. at 795-96 ("The prescriptions set out in §§ 406(a) and (b) establish the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants. Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense."); *McGraw v. Barnhart*, 450 F.3d 493, 498 (10th Cir. 2006) (quoting *Gisbrecht* and observing that "[t]he agency's and the court's determinations on SSA fees bind counsel[.]"); *Harris v. Secretary of Health & Human Servs.,* 836 F.2d 496, 498 n.1 (10th Cir. 1987), *abrogated on other grounds by Frazier v. Bowen*, 240 F.3d 1284 (10th Cir. 2001) ("We note that federal appellate courts which have addressed the issue agree that the collective fees awarded for services at both administrative and judicial levels cannot exceed

25% of the total of the past-due benefits to which the claimant is entitled."), *citing Morris v. Social Security Admin.,* 689 F.2d 495 (4th Cir. 1982); *Dawson v. Finch,* 425 F.2d 1192 (5th Cir.), *cert. denied,* 400 U.S. 830 (1970). *See also Frazier*, 240 F.3d at 1287 ("Mr. Frazier's attorneys may apply for attorney fee awards from the Commissioner for the time spent before the social security administration, as long as 25% of his past-due benefits has not been fully awarded by the district court."), *citing Harris*, 836 F.2d at 498. Under counsel's scenario, the total fees would be $15,287.90, well in excess of the 25% limit imposed by Section 406.

Second, because the Court has awarded Section 406(b) fees in excess of those awarded under the EAJA, the Plaintiff's appellate counsel *must refund* the EAJA fees to the Plaintiff. *See Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.' Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186. 'Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits.'") [quoting brief of respondent]; *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986) ("Congress made clear in the 1985 reenactment of EAJA that cases falling within the fee provision of the Social Security Act may also be subject to EAJA. To prevent double payment of fees for the same work under both statutes, however, Congress

directed that the smaller amount be given to the client, since the Social Security Act fee award reduces the client's recovery of past due benefits. *See* H.R. Rep. No. 120, 99th Cong. 1st Sess. 20 (1985), U.S. Code Cong. & Admin. News 1985, pp. 132, 148. Thus, the attorney will receive both the award under EAJA and the award under the Social Security Act, but will be required to pay the smaller amount to his client."). *See also McGraw*, 450 F.3d at 497-98 (*citing Gisbrecht and Weakley* and observing that "[i]f counsel is awarded fees under both the EAJA and the SSA, counsel must refund the smaller amount to the claimant."). Simply put, the $4,012.40 previously awarded to the Plaintiff as the prevailing party under the EAJA belongs to the Plaintiff and may not be used to pay administrative counsel.

**IT IS SO ORDERED** this 1st day of May, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**